**FILED**
**Sep 28, 2023**
**10:50 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | |
|---|---|
| **CHASIDY BRANCH,** | ) **Docket No. 2021-07-0486** |
| **Employee,** | ) |
| **v.** | ) |
| **PROFESSIONAL CARE SERVICES** | ) |
| **OF WEST TENNESSEE, INC.,** | ) **State File No. 34241-2021** |
| **Employer,** | ) |
| **And** | ) |
| **BRIDGEFIELD CASUALTY** | ) |
| **INSURANCE COMPANY,** | ) **Judge Pamela B. Johnson** |
| **Carrier.** | ) |

## COMPENSATION ORDER

The Court held a Compensation Hearing on September 13, 2023, to determine whether Chasity Branch is entitled to permanent disability or additional medical benefits. Ms. Branch argued she did not receive adequate care and seeks additional treatment, including a CT scan, which Professional Care Services has denied. For the reasons below, the Court holds Ms. Branch failed to prove by a preponderance of the evidence that she is entitled to permanent disability or a CT scan, but she is entitled to causally related, reasonable and necessary, future medical care with the authorized treating physician.

### History of Claim

On April 20, 2021, Ms. Branch suffered a mid-back injury when another staff member kicked the back of her chair during a meeting. Professional Care Services provided authorized medical treatment with panel-selected physicians Dr. Tanveer Aslam and Dr. Lowell Stonecipher and paid medical expenses of $4,899.30. Dr. Aslam diagnosed thoracic sprain/strain, administered an injection, and ordered physical therapy. He then referred her to an orthopedic specialist, Dr. Stonecipher, who ordered an MRI and EMG study.

1

Dr. Stonecipher reviewed the testing and noted:

> Her MRI was normal. Everything has been normal. She does not understand why she is still having pain. I told her that I had not been able to find anything wrong…I do not see anything that needs to be done at this time.

Dr. Stonecipher discharged Ms. Branch from his care, released her to return to regular duty, and placed her at maximum medical improvement on August 18, 2021. He determined that her injury did not result in a permanent impairment, and he did not anticipate future medical treatment.

Ms. Branch sought unauthorized chiropractic care from Dr. Barry Cole for neck, shoulder, and mid-back pain. In April 2022, without addressing the cause for the need for treatment, Dr. Cole noted that Ms. Branch "needs a CT scan."

## Findings of Fact and Conclusions of Law

At a Compensation Hearing, Ms. Branch must prove by a preponderance of the evidence that she is entitled to benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2023).

To recover benefits, Ms. Branch must show that her injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(12). To do so, she must demonstrate, "to a reasonable degree of medical certainty that [the employment] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." *Id.* at § 50-6-102(12)(C). Additionally, the panel-selected physician's opinion as to causation is entitled to a rebuttable presumption of correctness. *Id.* Moreover, the panel-selected physician's treatment recommendations are presumed to be medically necessary. Tenn. Code Ann. § 50-6-204(a)(3)(H). Finally, the opinion of the treating physician as to permanent impairment is presumed accurate but is rebuttable by a preponderance of the evidence. Tenn. Code Ann. § 50-6-204(k)(7).

Unless an injury is obvious, an "employee must present expert medical proof that the alleged injury is causally related to the employment." *Berdnik v. Fairfield Glade Com'ty Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *11 (May 18, 2017). Lay testimony alone will not suffice. *See Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Aug. 18, 2015) ("Employee's lay testimony in this case, without corroborative expert testimony, did not constitute adequate evidence of medical causation.").

Here, Ms. Branch believes that she received inadequate care and seeks additional treatment, including a CT scan as noted by Dr. Cole, her unauthorized chiropractor. However, Dr. Cole's records do not contain any reference to a nerve injury or causally relate the need for a CT scan to the work incident.

2

In contrast, Dr. Stonecipher, the panel-selected physician, ordered an MRI and EMG, which were normal. He further wrote that he did not "see anything that needs to be done at this time" and did not anticipate the need for future medical treatment. His opinion is presumed correct. Based on the evidence, the Court finds that Ms. Branch did not present expert medical proof to overcome the presumption afforded to Dr. Stonecipher. Therefore, the Court denies Ms. Branch's request for the CT scan.

Dr. Stonecipher remains the authorized treating physician for future medical care if he is willing to treat her. *Baker v. Electrolux*, 2017 TN Wrk. Comp. App. Brd. LEXIS 65, at *8-9 (Oct. 20, 2017). While Ms. Branch may be dissatisfied with her panel selection, she has pointed to no authority that would require Professional Care Services to offer another provider at this time. However, if Dr. Stonecipher refuses to continue treating Ms. Branch, Professional Care Services shall provide Ms. Branch with causally related, reasonable and necessary, future medical treatment with another provider as required under Tennessee Code Annotated section 50-6-204.

Under Tennessee Code Annotated sections 50-6-204(k)(7) and 50-6-207(3), Ms. Branch failed to prove she sustained a permanent medical impairment entitling her to an award of permanent disability. Therefore, the Court denies her request for permanent disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Branch's requests for a CT scan and permanent disability benefits are denied.

2. Professional Care Services shall provide Ms. Branch with causally related, reasonable and necessary, future medical treatment under Tennessee Code Annotated section 50-6-204. Dr. Stonecipher remains the authorized treating physician.

3. Professional Care Services shall pay the $150.00 filing fee within five business days of entry of this order, for which execution may issue.

4. Professional Care Services shall file a Statistical Data Form (SD-2) within ten business days of this order becoming final.

5. Unless appealed, this order becomes final in thirty days.

**ENTERED September 28, 2023.**

**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

3

## APPENDIX

**Technical Record:**
1. Petition for Benefit Determination, November 22, 2021
2. Dispute Certification Notice, March 11, 2022
3. Show Cause Order
4. Hearing Request
5. Employer's Show Cause Brief
6. Order Following Show Cause Hearing
7. Employer's Pre-Hearing Statement
8. Employer's Exhibit List
9. Employer's Expedited Hearing Brief
10. Expedited Hearing Order Denying Requested Benefits
11. Order Setting Status Conference, December 12, 2022
12. Order Setting Status Conference, January 19, 2023
13. Employer's Motion to Dismiss for Failure to Prosecute
14. Employee's Response to Employer's Motion
15. Employer's Motion for Scheduling Hearing
16. Order Setting Scheduling Hearing
17. Employer's Notice of Striking Motion to Dismiss for Failure to Prosecute
18. Scheduling Order
19. Employee's Extension of Time
20. Employer's Response to Employee's Motion to Extend IME Deadline
21. Order Denying Motion for Extension
22. Dispute Certification Notice, August 22, 2023
23. Prehearing Order and Order Converting In-Person Hearing to Virtual Hearing
24. Employer's Pre-Compensation Hearing Statement
25. Employer's Exhibit and Witness List
26. Employer's Compensation Hearing Brief
27. Employer's Filing of Table of Contents and Medical Records
28. Employee's Filing of Chiropractic Records and Witness List

**Exhibits:**

1.     Records of Cole Chiropractic Clinic
2.     First Report of Work Injury, Form C-20
3.     Physician Panels
4.     Table of Contents and Medical Records[1]
       a.     Dr. Tanveer Aslam
       b.     Dr. Lowell Stonecipher
       c.     Dr. Remy Valdivia

## CERTIFICATE OF SERVICE

I certify that a copy of the Compensation Order was sent as shown on September 28, 2023.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Chasidy Branch Employee | X | X | 212 Rosemont Cove Dyersburg, TN 38024 chasidybranchruff@yahoo.com |
| Trent M. Norris, Employer's Attorney | | X | tmnorris@mijs.com |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

---

[1] Professional Care Services objected to exhibit 4 for lack of foundation. The Court took the objection under advisement, noting that Professional Care Services submitted the medical records in its prehearing filings and cited to the records in its pretrial brief. The Court overrules the objection under Tennessee Compilation Rules and Regulations 0800-02-21-.16(2)(b) (February 2022) and *Smith v. Galloway Construction, LLC*, 2019 TN Wrk. Comp. App. Bd. LEXIS 70, at *9 (Oct. 28, 2019).



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____


**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____ , 20 _____ .

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support   $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

Amount Owed            To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                          RDA 11082